UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re: Case No. 6:17-bk-01326-CCJ
Chapter 7

CLAUDIO CIPEDA,

Debtor.
_______________________________/

ARVIND MAHENDRU, CHAPTER 7 TRUSTEE FOR THE ESTATE OF CLAUDIO CIPEDA Adv. Proc. No.

Plaintiff,

v.

FOREIGN DIRECT INVESTMENT, LLC, a Florida Limited Liability Company

Defendant.
_______________________________/

**COMPLAINT TO AVOID AND RECOVER FRAUDULENT AND PREFERENTIAL TRANSFER, FOR DECLARATORY RELIEF AND FOR DAMAGES FOR USURY**

ARVIND MAHENDRU, as Chapter 7 Trustee for the Estate of Claudio Cipeda ("Trustee" or "Plaintiff"), through counsel, hereby files this Complaint to Avoid and Recover Fraudulent Transfer against FOREIGN DIRECT INVESTMENT, LLC ("FDI"), pursuant to 11 U.S.C. §§ 544, 547, 548 and 550 and Chapter 726, *Florida Statutes*, for Declaratory Relief, and for Damages for Usury and in support thereof, alleges as follows:

**NATURE OF ACTION**

1. This is an adversary proceeding seeking avoidance and recovery of fraudulent and

preferential transfers pursuant to Sections 544, 547, 548 and 550 of the Bankruptcy Code and the Florida Uniform Fraudulent Transfer Act, Fla. Stat. § 726.101 et seq. ("FUFTA"), for declaratory relief, and for damages for usury.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1334 and 157.

3. Venue is proper in this district under 28 U.S.C. § 1409.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A), (F), and (H).

## PARTIES

5. Plaintiff is the Chapter 7 Trustee for the bankruptcy estate of Claudio Cipeda.

6. Defendant is a Florida limited liability company. Defendant's principal is Anthony Portigliatti ("Portigliatti").

## FACTUAL BACKGROUND

7. On March 1, 2017 (the "Petition Date"), Claudio Cipeda ("Cipeda" or "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, Case No. 6:17-bk-01326-CCJ.

8. The Debtor testified that the Transfer (described below) was in repayment of an unsecured Note by FDI in favor of the Debtor dated January 2, 2016, in the amount of $180,000.00 (the "Loan").

9. As admitted by FDI, the Debtor was not the sole recipient of the proceeds of the Loan. According to correspondence from FDI, the proceeds were distributed, in large part, to non-debtor

entities, as follows:

A. Alltour of America: $20,000, by check, No. 5874, dated August 5, 2015;

B. Alltour Transportation: $75,000, by check, No. 4321, dated November 18, 2015;

C. Alltour Transportation: $35,000, by check, no. 1514, dated November 19, 2015.

A true and correct copy of the checks is attached hereto as **Composite Exhibit "A"** (the "Checks"). FDI was not the maker of the Checks.

## THE FRAUDULENT TRANSFER TO FDI

10. On or about July 21, 2016, the Debtor executed a Settlement Statement (HUD-1) for the sale of real property located at 8745 The Esplanade Apt. 2, Orlando, Florida 32836 (the "Property"). A true copy of the Settlement Statement (HUD-1) is attached hereto as **Exhibit "B"** ("HUD-1"). Pursuant to the HUD-1, FDI received $175,000.00 (the "Transfer") as a partial payment for the Loan, the receipt of which has been acknowledged by FDI. FDI received the Transfer even though it was not the maker of the Checks.

11. The Debtor made the Transfer to FDI for repayment of the Loan, even though the vast majority of the proceeds of the Loan went to non-debtor entities.

## COUNT I:
## ACTUAL FRAUD - AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS UNDER 11 U.S.C. §§ 544 (b)(1), 548 (a)(1)(A) AND 550, AND FLA. STAT. §§ 726.105(1)(a) AND 726.108

12. Plaintiff realleges paragraphs 1 through 11 as if fully set forth herein.

13. This is an adversary proceeding to recover fraudulent transfers pursuant to 11 U.S.C. §§ 544(b)(1), 548 (a)(1)(A) and 550, and FUFTA.

14. Within four (4) years prior to the Petition Date, Cipeda effectuated the Transfer to or for the benefit of FDI.

15. The Transfer was made with the actual intent to hinder, delay, or defraud present and future creditors of Cipeda.

16. FDI operates out of the same business location as Cipeda and its principal is a close colleague and longtime friend of Cipeda. Cipeda made the Transfer in an effort to hinder, delay, or evade his creditors.

17. At the time of the Transfer, Cipeda was insolvent or became insolvent shortly thereafter. At his 341 meeting of creditors, Cipeda admitted that he was in default to his creditors and having financial issues at the time of the Transfer.

18. Cipeda was insolvent at the time of the Transfer in that his liabilities exceeded his assets.

19. The Transfer is avoidable and should be avoided, pursuant to and under Fla. Stat. §§ 726.105(1)(a), 726.108, and 11 U.S.C. §§ 544(b)(1) and 548.

20. Under 11 U.S.C. § 550(a), the Trustee may recover the Transfer for the benefit of the estate, to the extent that the Transfer is avoided under 11 U.S.C. §§ 544 and 548 and FUFTA.

21. There is at least one creditor holding an unsecured claim under 11 U.S.C. § 502 who would have standing to bring a claim under FUTA

WHEREFORE, the Trustee demands a judgment against FDI as follows: (i) that the Transfer from Cipeda to FDI was fraudulent and avoidable under 11 U.S.C. §§ 544(b), 548 (a)(1)(A) and 550, and FUFTA; (ii) avoiding the Transfer to FDI and entering a judgment in favor of the Trustee for the value of the Transfer pursuant to 11 U.S.C. § 550, plus pre-judgment interest from the date of

the Transfer and costs of the suit or recovery of the Transfer; and (iii) for any such further relief that this Court deems just and proper.

**COUNT II:**
**CONSTRUCTIVE FRAUD - AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS UNDER 11 U.S.C. §§ 544(b)(1), 548 (a)(1)(B) AND 550, AND FLA. STAT. §§ 726.105 (1)(b), 726.101(1) AND 726.108**

22. Plaintiff realleges paragraphs 1 through 11 as if full set forth herein.

23. This is an adversary proceeding to recover fraudulent transfers pursuant to 11 U.S.C. §§ 544(b)(1), 548 (a)(1)(B) and 550, and §§ 726.105(1)(b), 726.106(1), and 726.108.

24. Within four (4) years prior to the Petition Date, Cipeda effectuated the Transfer to and for the benefit of FDI.

25. Cipeda did not receive reasonably equivalent value in exchange for the Transfer.

26. At the time of the Transfer, Cipeda intended to incur, or reasonably should have believed he would incur, debts beyond his ability to pay them as they became due.

27. At the time of the Transfer, Cipeda was insolvent or became insolvent as a result of the Transfer.

28. At the time of the Transfer, Cipeda's liabilities exceeded his assets.

29. The Transfer is avoidable under §§ 726.105(1)(b), 726.106(1), and 726.108, and 11 U.S.C. § 544(b)(1).

30. There is at least one actual holder of an allowed unsecured claim under 11 U.S.C. § 502 who would have standing to assert a claim for relief under FUFTA.

31. Pursuant to 11 U.S.C. § 550(a), the Trustee may recover the Transfer for the benefit of the estate, insofar as the Transfer is avoided under 11 U.S.C. §§ 544, 548 and FUFTA.

WHEREFORE, the Trustee demands judgment against FDI as follows: (i) that the Transfer to FDI was fraudulent and avoidable under 11 U.S.C. §§ 544(b), 548 (a)(1)(B) and 550, and FUFTA; (ii) avoiding the Transfer to FDI and entering a judgment in favor of the Trustee for the value of the Transfer, plus pre-judgment interest from the date of the Transfer and costs of the suit or recovery of the Transfer; and (iii) for any other and further relief that this Court deems just and proper.

**COUNT III:**
**AVOIDANCE OF PREFERENTIAL TRANSFER**
**(11 U.S.C. § § 547(B) and 550)**

32. Plaintiff realleges paragraphs 1 through 11 as if full set forth herein.

33. The Trustee sues FDI pursuant to 11 U.S.C. § 547(b) to avoid the Transfer as a preferential transfer.

34. The Transfer was to or for the benefit of FDI, a creditor.

35. The Transfer was made within one (1) year prior to the bankruptcy filing to an "insider" of the Debtor as defined by 11 U.S.C. §§ 101(31)(A) and 547 (b)(4)(B). FDI operates out of the same business location as Cipeda. FDI's principal, Portigliatti, is a longtime business associate, friend and colleague of Cipeda. At his 341 meeting of creditors, Cipeda described his relationship with Portigliatti as best friends and acknowledged that they have been friends and business colleagues for twenty (20) years. Based upon the close and longstanding relationship between Cipeda and Portigliatti, Cipeda effectuated this preferential Transfer in favor of FDI, which is owned and controlled by Portigliatti. The Transfer did not constitute an arms-length transaction in that FDI did not charge, under the underlying promissory note, interest during the initial term of the Loan. A true and correct copy of the Promissory Note, dated January 2, 2016, is attached hereto as **Exhibit "C"** (the "Note"). By virtue of the Transfer, FDI gained an advantage over other

creditors based upon Cipeda's affinity for its principal.

36. The Transfer was made while the Debtor was insolvent.

37. The Transfer was made on account of an antecedent debt, the Loan.

38. The Transfer enabled FDI to receive more than FDI would receive if the case were a case under Chapter 7 of Title 11 of the United States Code, if the Transfer had not been made, and if FDI received payment of such debt to the extent provided by Title 11 of the United States Code.

39. The Transfer is voidable under 11 U.S.C. § 547(b).

WHEREFORE, the Trustee respectfully requests the Court enter a judgment in his favor against FDI: (i) declaring the Transfer to be a preferential transfer pursuant to 11 U.S.C. §§ 547(b) and 548; (ii) avoiding the Transfer as a preferential transfer pursuant to 11 U.S.C. §§ 547(b) and 550 and entering a judgment in favor of the Trustee for the value of the Transfer, plus pre-judgment interest from the date of the Transfer and costs of the suit or recovery of the Transfer; (iii) awarding the Trustee, for the benefit of the Estate, costs in accordance with applicable law; and (iv) granting such other and further relief as may be equitable and just.

**Count IV:**
**Usury, Declaratory Relief**

40. Plaintiff realleges paragraphs 1 through 11 as if fully set forth herein.

41. This is an action for declaratory relief pursuant to § 86.011, *Florida Statutes* and § 687.071, *Florida Statutes*.

42. There is a justiciable controversy between the parties regarding their respective rights under the Note. Plaintiff is in doubt as to the rights of the parties under the Note.

43. There is an actual, practical and present need for declaration as Plaintiff seeks

recovery under the Note. The Trustee and the estate have been harmed by a payment to FDI under the Note.

44. Plaintiff maintains that FDI engaged in "loan sharking" and that the Note is unenforceable.

45. Under the terms of the Note, FDI was entitled to "an additional 10% of the unpaid principal amount per month," in the event the loan was not repaid by April 2, 2016. A charge of 10% per month equates to at least 120% per annum (potentially much higher if FDI compounded the interest on a monthly basis), which constitutes criminal "loan sharking" under § 687.071(1)(g), *Florida Statutes.* As illustrated by the terms of the Note, FDI willfully and knowingly charged an interest rate in excess of 25 percent per annum.

46. Plaintiff maintains that the Note is not enforceable as it violates § 687.071, *Florida Statutes*.

WHEREFORE, the Trustee respectfully requests that this Court declare that FDI engaged in loan sharking, declare that FDI is a loan shark, declare that the Note is unenforceable and award any other relief that this Court deems just and appropriate.

**Count V:**
**Usury, Damages**

47. This is an action for damages pursuant to § 687.071, *Florida Statutes*.

48. Under the terms of the Note, FDI was entitled to "an additional 10% of the unpaid principal amount per month," in the event the loan was not repaid by April 2, 2016. A charge of 10% per month equates to at least 120% per annum (potentially much higher if FDI compounded the interest on a monthly basis), which constitutes criminal "loan sharking" under § 687.071(1)(g),

*Florida Statutes.* As illustrated by the terms of the Note, FDI willfully and knowingly charged an interest rate in excess of 25 percent per annum.

49. The Note is not enforceable as it violates § 687.071, *Florida Statutes*. The Trustee is entitled to recover all principal and interest paid by the Debtor to FDI.

50. The Trustee is entitled to attorneys' fees pursuant to § 687.147 (1).

51. The Court may also enter an award for punitive damages.

WHEREFORE, the Trustee respectfully requests that this Court enter judgment against FDI for damages in the amount of $175,000.00, plus punitive damages, plus interest, plus costs and attorneys' fees and award any other relief that this Court deems just and appropriate.

DATED: January 30, 2018.

*/s/ Ryan E. Davis*
RYAN E. DAVIS, Esquire
Florida Bar No.: 0179851
rdavis@whww.com
**WINDERWEEDLE, HAINES, WARD & WOODMAN, P.A.**
PO Box 880
Winter Park, FL 32790-0880
Telephone: (407) 423-4246
Fax: (407) 645-3728
*Attorneys for Trustee*

CNLBank

# Item Detail

Print Image (Ctrl-

Zoom

Check 1 of 1 — Status: Paid ✔

| tranDate | account | amount | serial | tranCode | aba | sequence |
|---|---|---|---|---|---|---|
| /06/2015 | [redacted] | $20,000.00 | [redacted] | 000172 | [redacted] | [redacted] |

View deposit | Add to Multi-Item | Back to List

587

**Florida Christian University, Inc.**
5950 Lakehurst Drive, Suite 101
Orlando, FL 32819-8347
407-896-0101

CNLBank.
Orlando, Florida - Downtown Office
63-1428-631

8/5/2015

PAY TO THE ORDER OF All Tour of America $ **20,000.00

Twenty Thousand and 00/100****************************************************************************************** DOLLARS

All Tour of America
5855 American Way
Orlando, Fl. 32819

MEMO Advance for Event Package

AUTHORIZED SIGNATURE

For Deposit Only - JPMC

EXHIBIT

A

tabbies



CNLBank **Item Detail**

Print Image (Ctrl-P)
Zoom

Check 1 of 1 Status: Paid ✔

| tranDate | account | amount | serial | tranCode | aba | sequence |
|---|---|---|---|---|---|---|
| 11/19/2015 | [redacted] | $75,000.00 | [redacted] | 000172 | [redacted] | [redacted] |

View deposit | Add to Multi-item | Back to List

4321

Lakehurst Building

LAKEHURST BUILDING, LLC
5950 Lakehurst Drive, Suite 169
Orlando, FL 32839-8363
(407) 206-3331

CNLBank.
Orlando, Florida - Winter Park Office
63-1428-631

11/18/2015

PAY TO THE ORDER OF Alltour Transportation $ **75,000.00

Seventy-Five Thousand and 00/100****************************** DOLLARS

Alltour Transportation

AUTHORIZED SIGNATURE

MEMO Loan

#129186070






CNLBank

# Item Detail

Print Image (Ctrl-F

Zoom

Check 1 of 1 — Status: Paid ✔

| tranDate | account | amount | serial | tranCode | aba | sequence |
|---|---|---|---|---|---|---|
| 1/20/2015 | [redacted] | $35,000.00 | [redacted] | 000171 | [redacted] | [redacted] |

View deposit | Add to Multi-Item | Back to List

1514



Network Education Systems Corp.
NESYSCO
5950 Lakehurst Drive, Suite 221
Orlando, FL 32819-8365
407-895-0101



CNLBank.
Orlando, Florida - Downtown Office
63-1428-631

11/19/2015

PAY TO THE ORDER OF ALLTOUR TRANSPORTATION $**35,000.00

Thirty-Five Thousand and 00/100*********************************************************************** DOLLARS

ALLTOUR TRANSPORTATION

AUTHORIZED SIGNATURE

MEMO Loan

57 11/20/2015 ...

# CC 3038573



# A. Settlement Statement (HUD-1)

OMB Approval No. 2502-0265

B. Type of Loan

| | 6. File Number: | 7. Loan Number: | 8. Mortgage Insurance Case Number: |
|---|---|---|---|
| 1. ☐ FHA 2. ☐ RHS 3. ☐ Conv. Unins. 4. ☐ VA 5. ☐ Conv. Ins. | Portigliatti - Ciped | | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower | E. Name & Address of Seller | F. Name & Address of Lender |
|---|---|---|
| Foreign Direct Investment LLC<br><br>5950 Lakehurst Drive, Suite 169<br>Orlando, Florida 32819 | Claudio Cipeda<br><br>9702 Universal Boulevard, Apt 345<br>Orlando, Florida 32819 | None |

| G. Property Location | H. Settlement Agent | |
|---|---|---|
| 8745 The Esplanade, Apt 2, Orlando, Florida 32836. Parcel ID No. 35-23-28-8980-16-020. Commitment No. 16077425 | Smith Brown PL<br><br>Place of Settlement<br>Randall C. Smith Esq<br>533 Versailles Drive Suite 100<br>Maitland, Florida 32751 | I. Settlement Date<br>07/21/16<br><br>Disburse Date: 7/21/2016 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower** | | **400. Gross Amount Due To Seller** | |
| 101. Contract Sales Price | 600,000.00 | 401. Contract Sales Price | 600,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to borrower (line 1400) | 4,119.26 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| **Adjustments for items paid by seller in advance** | | **Adjustments for items paid by seller in advance** | |
| 106. City/town taxes | | 406. City/town taxes | |
| 107. County taxes | | 407. County taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due From Borrower** | 604,119.26 | **420. Gross Amount Due To Seller** | 600,000.00 |
| **200. Amounts Paid By Or In Behalf Of Borrower** | | **500. Reduction In Amount Due To Seller** | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | 5,451.24 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan (7/25) | 414,945.39 |
| 205. Partial Payment Unsecured Note | 175,000.00 | 505. Partial Payment Unsecured note held by Buyer | 175,000.00 |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| **Adjustments for items unpaid by Seller** | | **Adjustments for items unpaid by Seller** | |
| 210. City/town taxes | | 510. City/town taxes | |
| 211. County taxes 1/1/2016 to 7/21/2016 | 4,103.71 | 511. County taxes 1/1/2016 to 7/21/2016 | 4,103.71 |
| 212. Assessments | | 512. Assessments | |
| 213. Est 2016 Tax $7,435.44 | | 513. Est 2016 Tax $7,435.44 | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid By/For Borrower** | 179,103.71 | **520. Total Reduction Amount Due Seller** | 599,500.34 |
| **300. Cash At Settlement from/to Borrower** | | **600. Cash At Settlement to/from Seller** | |
| 301. Gross amount due from borrower (line 120) | 604,119.26 | 601. Gross amount due to seller (line 420) | 600,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | 179,103.71 | 602. Less reductions in amount due seller (line 520) | 599,500.34 |
| **303. Cash ☒ From ☐ (To) Borrower** | $ 425,015.55 | **603. Cash ☒ To ☐ (From) Seller** | $ 499.66 |

SELLER INSTRUCTIONS: If this real estate was your principal residence, file Form 2119, Sale or Exchange of Principal Residence, for any gain, with your income tax return; for other transactions, complete the applicable parts of Form 4794, Form 6252 and/or Schedule D (Form 1040).
SUBSTITUTE 1099: The information contained in Blocks E, G, H, I and on line 401 (or, if line 401 is asterisked, lines 403 and 404) is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.



EXHIBIT
tabbies
B

| L. Settlement Charges poc (B/S/L) = Paid outside of closing by: Borrower(B)/Seller(S)/Lender(L) | | |
|---|---|---|
| 700. Total Real Estate Broker Fees $ | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
| Division of Commission (line 700) as follows: | | |
| 701. $ to | | |
| 702. $ to | | |
| 703. Commission paid at Settlement | | |
| 704. to | | |
| **800. Items Payable In Connection With Loan** | | |
| 801. Our origination charge (from GFE #1) | | |
| 802. Your credit or charge (points) for the specific interest rate chosen (from GFE #2) | | |
| 803. Your adjusted origination charges to (from GFE A) | | |
| 804. Appraisal fee to (from GFE #3) | | |
| 805. Credit report to (from GFE #3) | | |
| 806. Tax service to (from GFE #3) | | |
| 807. Flood certification to (from GFE #3) | | |
| 808. to | | |
| 809. to | | |
| 810. to | | |
| 811. to | | |
| **900. Items Required By Lender To Be Paid In Advance** | | |
| 901. Daily interest charges from to @ $ / day (from GFE#10) | | |
| 902. Mortgage insurance premium for months to (from GFE #3) | | |
| 903. Homeowner's insurance for years to (from GFE#11) | | |
| 904. to | | |
| 905. to | | |
| **1000. Reserves Deposited With Lender** | | |
| 1001. Initial deposit for your escrow account (from GFE #9) | | |
| 1002. Homeowner's insurance months @ $ per month $ | | |
| 1003. Mortgage insurance months @ $ per month $ | | |
| 1004. Property taxes months @ $ per month $ | | |
| 1005. $ | | |
| 1006. $ | | |
| 1007. Aggregate Adjustment $ | | |
| **1100. Title Charges** | | |
| 1101. Title services and lender's title insurance (from GFE #4) | 535.00 | |
| 1102. Settlement or closing fee to Smith Brown PL $ 450.00 | | 450.00 |
| 1103. Owner's title insurance to Smith Brown PL (from GFE #5) | 3,075.00 | |
| 1104. Lender's title insurance to | | |
| 1105. Lender's title policy limit $ | | |
| 1106. Owner's title policy limit $ 600,000.00 | | |
| 1107. Agent's portion of total title insurance premium $ 2,125.50 | | |
| 1108. Underwriter's portion of total title insurance premium $ 922.50 | | |
| 1109. Title Commitment Fee to Smith Brown PL $ 85.00 | | |
| 1110. Estoppel Fee to Vizcaya Heights Multicondominium Assoc | | 250.00 |
| 1111. to | | |
| 1112. to | | |
| **1200. Government Recording and Transfer Charges** | | |
| 1201. Government recording charges: (from GFE 7) | 18.50 | |
| 1202. Deed $ 18.50 Mortgage $ Releases $ | | |
| 1203. Transfer taxes (from GFE 8) | | |
| 1204. City/County tax/stamps Deed $ Mortgage $ | | |
| 1205. State tax/stamps Deed $ 4,200.00 Mortgage $ | | 4,200.00 |
| 1206. to | | |
| 1207. to | | |
| **1300. Additional Settlement Charges** | | |
| 1301. Required services that you can shop for (from GFE #6) | 490.76 | |
| 1302. July Condo Assessmen to Vizcaya Heights $ 325.76 | | 401.24 |
| 1303. Condo Transfer Fee to Pr Housing Mgt $ 15.00 | | |
| 1304. Condo Move Out Fee to PR Housing/Viscaya Heights | | 150.00 |
| 1305. Condo Move In Fee to PR Housing/Vizcaya Heights $ 150.00 | | |
| 1306. to | | |
| 1307. to | | |
| 1308. to | | |
| **1400. Total Settlement Charges (enter on line 103, Section J and 502, Section K)** | 4,119.26 | 5,451.24 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief it is a true and accurate account of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Buyer/Borrower Foreign Direct Investment LLC

Seller Claudio Cipeda

Buyer/Borrower

Seller

To the best of my knowledge, the HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

Settlement Agent Smith Brown PL

07/21/16
Date

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction include a fine and imprisonment.

# PROMISSORY NOTE

**BORROWER:** Claudio Cipeda of 8745 The Esplanade #2, Orlando, FL 32836 (hereinafter "Borrower")

**LENDER:** Foreign Direct Investment, LLC of 5950 Lakehurst Dr., Suite 169, Orlando, FL 32819, represented by its Managing Member, Anthony B. Portigliatti (hereinafter "Lender")

**PRINCIPAL AMOUNT:** Lender has loaned a consolidated amount of $180,000.00 USD to Borrower.

1. **FOR VALUE RECEIVED,** the Borrower hereby unconditionally promises to pay the Lender, in lawful US Dollars, and in immediately available funds, the consolidated principal sum of $180,000.00 USD.
2. **Repayment.** Borrower promises to repay the loaned amount in full no later than April 2, 2016. In the event of default, Borrower shall pay an additional 10% of the unpaid principal amount per month.
3. **Prepayment.** At any time while not in default under this Note, the Borrower may pay the outstanding balance then owing under this Note to the Lender without further bonus of penalty.
4. **Form of Payment.** All amounts payable hereunder shall be payable by check delivered to the address set forth on this Note, wire transfer, or by any other reasonable means of payment previously specified by Lender.
5. **Default.** Each of the following events shall be an considered a "Default" under this agreement:
   a. Failure to Pay. The Borrower fails to pay (i) when due any of the principal or interest on the due date hereunder or (ii) any other payment required under the terms of this Note on the date the same becomes due and payable and such failure to pay is not cured within (10)business days after the Borrower has received written notice from the Lender of the Borrower's failure to pay; or
   b. Voluntary Bankruptcy or Insolvency Proceedings. The Borrower shall (i) apply for or consent to the appointment of a receiver, trustee or custodian of the Borrower or of all or a substantial part of the Borrower's property, (ii) be unable, or admit in writing the Borrower's inability, to pay the Borrower's debts generally as they mature, (iii) make a general assignment for the benefit of its or any of the Borrower's creditors, (iv) become insolvent (as such term may be defined or interpreted under any applicable statute), (v) commence a voluntary case or other proceedings seeking liquidation, reorganization or other relief with respect to the Borrower or the Borrower's debts under any bankruptcy, insolvency or other similar law now or hereafter in effect or consent to any such relief or to the appointment of or taking possession of its property by any official in an involuntary case or other proceedings commenced against it or (vi) take any action for the purpose of effecting any of the foregoing; or
   c. Involuntary Bankruptcy or Insolvency Proceedings. Proceedings for the appointment of a receiver, trustee or custodian of the Borrower or of all or a substantial part of the property thereof, or an involuntary case or other proceedings seeking liquidation, reorganization or other relief with respect to the Borrower or the debts thereof under any bankruptcy, insolvency or other similar law now or hereafter in effect shall be commenced and an order for relief entered, or such case or proceedings shall not be dismissed or discharged within twenty (20) business days of commencement
6. **Rights of Lender Upon Default.** Upon the occurrence or existence of any event of Default and at any time thereafter, immediately and without notice, all outstanding principal and interest payable by the Borrower hereunder shall automatically become immediately due and payable, without presentment, demand, protest or any other notice of any kind, all of which are hereby



expressly waived. In addition to the foregoing remedies, upon the occurrence or existence of any event of Default, Lender may exercise any other right, power or remedy granted to the Lender by the Note or otherwise permitted by law, either by suit in equity or by action at law, or both.

7. **Legal Costs.** All costs, expenses and expenditures including, and without limitation, the complete legal costs by the Lender in enforcing this Note as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower.
8. **Governing Law.** This Note will be construed in accordance with and governed by the laws of the State of Florida.
9. **Unenforceability.** If any term, covenant, condition or provision of this Note is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary by that court to render the provision reasonable and enforceable and the remainder of the provisions of this Note will in no way be affected, impaired or invalidated as a result.
10. **Waiver and Amendment.** Any provision of this Note may be amended, waived or modified as to Lender upon the written consent of the Borrower and the Lender.
11. **Successors and Assigns.** This Note will enure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns of the Borrower and the Lender. The Borrower waives presentment for payment, notice of non-payment, protest and notice of protest.

IN WITNESS WHEREOF the parties have duly affixed their signatures under seal on this 2nd day of January, 2016.

Claudio Cepeda
Borrower

Signature of Witness

WITNESS DETAILS:
Name: CLINILTON BRAGA
Address: 2489 SANTECIA ST. UNIT 401 ORLANDO, FL. 32835

Anthony B. Portigliatti
Foreign Direct Investment, LLC
Lender

Signature of Witness

WITNESS DETAILS:
Name: LORRAINE ANDRADE
Address: 2498 LAKE DEBRA DR APT. 106 ORLANDO - FL